**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ISAAC DE CASTRO OCHOA,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PAM BONDI, U.S. ATTORNEY GENERAL; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; MARIA DEANDRA YBARRA; ATTORNEY GENERAL TODD BLANCHE; AND SECRETARY MARKWAYNE MULLIN, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY,** | § | **No. 3:26-CV-01356-LS** |
| | § | |
| ***Respondents*.** | § | |

**ORDER DISMISSING CASE**

Petitioner Isaac De Castro Ochoa filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1]

An immigration judge ordered Petitioner removed on April 16, 2026, and he did not appeal, meaning that his order of removal became final on May 16, 2026.[2] "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[3] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively reasonable.[4] "After this six-month period, once the alien provides

---

[1] ECF No. 1.
[2] *Automated Case Information*, Executive Office of Immigration Review, https://acis.eoir.justice.gov/en/ (last visited Aug. 18, 2026); 8 C.F.R. § 1241.1(c).
[3] 8 U.S.C. § 1231(a)(1)(A).
[4] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[5] Petitioner is still within the six-month presumptively reasonable period.

For the foregoing reasons, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are denied. The Clerk shall close this case.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 27, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[5] *Id*.